**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Nevada Regional Economic Development Center, LLC, on its own behalf and derivatively on behalf of NREDC Bistro Manager, LLC,<br><br>Plaintiff<br><br>v.<br><br>Immigration Capital, LLC; Yu Capital, LLC; and Zhengyu Huang,<br><br>Defendants | Case No.: 2:26-cv-01760-JAD-MDC<br><br>**Remand Order**<br><br>[ECF Nos. 10, 13] |

This case is about two guys and their four limited-liability companies. Nevadan Nick Mallas is the member and manager of Nevada Regional Economic Development Center, LLC. New Yorker Zhengyu Huang is the member and manager of Immigration Capital, LLC and Yu Capital, LLC. Together, Mallas's Nevada Regional and Huang's Immigration Capital formed NREDC Bistro Manager, LLC, making the Bistro entity a citizen of both New York and Nevada for purposes of diversity jurisdiction in federal court.[1] Bistro was formed to serve as the manager of yet another limited-liability company—Las Vegas Restaurant Investors, LLC (LVRI).

Mallas alleges that LVRI removed Bistro as the manager and installed Huang's Yu Capital in its place, so Mallas's Nevada Regional sued Huang and his entities "on its own behalf and derivatively on behalf of" Bistro in Nevada state court.[2] The Huang defendants removed the

---

[1] *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens").

[2] ECF No. 1-2 at 3.

case to federal court based on diversity jurisdiction.[3] The Mallas side of the *v* now moves to remand the case back to state court, arguing that complete diversity is lacking. Whether diversity jurisdiction exists depends on whose citizenship on the plaintiff's side of the *v* matters: Nevada Regional's Nevada citizenship, or Bistro's Nevada and New York citizenship. Because I find that Bistro's citizenship counts, putting New Yorker Huang on both sides of the *v* and destroying diversity, I grant the motion to remand and send this case back to state court.[4]

**Analysis**

Although the named plaintiff is Nevada Regional "on its own behalf and derivatively on behalf of" Bistro, the law requires Bistro's citizenship be counted for jurisdictional purposes. When a party is merely nominal, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."[5] And a claim brought derivatively on behalf of a company belongs not to the named plaintiff but to the company itself.[6]

Based on the allegations in this complaint, neither Nevada Regional nor Bistro is merely nominal. Nevada Regional asserts claims for breach of the implied covenant of good faith and fair dealing and for intentional interference with contractual relations on its own behalf in causes

---

[3] ECF No. 1.

[4] The court heard oral argument on this motion on September 14, 2026.

[5] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

[6] *Ross v. Bernhard*, 396 U.S. 531, 538 (1970) ("The claim pressed by the stockholder against directors or third parties 'is not his own but the corporation's.") (citation omitted); *Smith v. Sperling*, 354 U.S. 91, 97 (1957) (noting that, in a derivative suit, "[t]he cause of action, to be sure, is that of the corporation"); *see also* Nev. Rev. Stat. § 86.483 (authorizing a member of a limited-liability company to bring a derivative action on behalf of the company); Nev. Rev. Stat § 86.489 (stating that "[i]f a derivative action is successful," the proceeds, after reimbursement of the member's expenses, must be remitted to the company).

of action one through three.[7] But claims four and five are Bistro's claims, which Nevada Regional asserts derivatively.[8]

The Huang defendants argue that the characterization of claims four and five as derivative is purely perfunctory, as any recovery would go "entirely to the benefit of" Nevada Regional and Mallas.[9] But that argument is belied by Nevada Revised Statutes (NRS) 86.489, which provides that "[i]f a derivative action" on behalf of a limited-liability company "is successful," the proceeds, after reimbursement of the member's expenses, must be remitted to the company itself;[10] Bistro's operating agreement, which gives it various rights and obligations;[11] and the operating agreement between Bistro and LVRI, which gave Bistro the right to manage LVRI in exchange for consulting fees.[12] For claims four and five, which allege that the Huang defendants interfered with the LVRI contract and stole that opportunity from Bistro, it is Bistro that is the real party in interest.[13] Because Huang, a New Yorker, is a member of LLCs on both sides of the *v*, diversity—and thus federal jurisdiction—is lacking.[14]

---

[7] *See* ECF No. 1-2 at 10–11.

[8] *Id*. at 12–13.

[9] ECF No. 17 at 10.

[10] Nev. Rev. Stat. § 86.489.

[11] ECF No. 17-2.

[12] ECF No. 23-2.

[13] *See Parametric Sound Corp. v. Eighth Jud. Dist. Ct.*, 401 P.3d 1100, 1107–08 (Nev. 2017) (recognizing that owners of a company can have both direct and derivative claims).

[14] 28 U.S.C. § 1332(a); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state as any defendant); *accord Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction").

**Conclusion**

IT IS THEREFORE ORDERED that:

- Plaintiff's Motion to Remand **[ECF No. 13] is GRANTED**; and
- The Clerk of Court is directed to **REMAND this case back to the Eighth Judicial District Court, Department 16, Case No. A-26-940600-B,** and CLOSE THIS CASE.
- The motion to dismiss **[ECF No. 10] is DENIED** as moot and without prejudice to its refiling in state court. This case returns to state court with no motions pending.
- The request for an award of attorneys' fees is denied without prejudice to the plaintiff's ability to seek such an award in the state-court action.

Dated: September 15, 2026

U.S. District Judge Jennifer A. Dorsey